IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10897

Summary Calendar
_____


MAJUAMMA GEORGE, as Mother and Natural Guardian
of the infant, Ginu Thomas,

                              Plaintiff-Appellant,

v.

CITY OF CARROLLTON,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:94-CV-1116-X)
_____
February 26, 1997

Before KING, JOLLY, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Majuamma George appeals the order of the district court

dismissing her case for want of prosecution.  We affirm the

district court's order.

                            I. BACKGROUND

     George, a resident of New York, filed a wrongful death suit on

June 3, 1994, against the City of Carrollton in response to the

     [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

drowning death of George's daughter at a public swimming pool owned and operated by the City of Carrollton. George alleged negligence and a violation of the Texas Tort Claims Act.

In September 1994, George filed a motion for appointment of counsel. The district court referred the motion to a magistrate judge, who subsequently denied it. The case was set for trial on June 5, 1995. In an order dated March 31, 1995, the district court made reference to a letter it had received from George and denied what it considered to be a Motion for Continuance to stay the case until September 1997. In May, the trial was reset for September 5, 1995. In an order dated August 15, 1996, in response to another letter from George, the district court denied what he construed as a Motion for Continuance to stay the case for six months and a review of the magistrate judge's decision regarding appointment of counsel. The district court dismissed the case with prejudice for want of prosecution on September 5, 1995, when George did not appear for trial. George filed a timely notice of appeal.

## II. DISCUSSION

In the first two issues George raises, she attempts to appeal the magistrate judge's ruling denying her a court appointed attorney. Review of an order entered by a magistrate judge in a pretrial matter not dispositive of a claim or defense of a party is governed by Rule 72(a) of the Federal Rules of Civil Procedure. Under Rule 72(a) a party has ten days after being served with a copy of the magistrate's order to file objections to that order.

FED. R. CIV. P. 72(a).  After ten days, "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."  Id.  George did not file her objections within the appropriate time period, so she may not now raise them on appeal.

In her third issue, George asserts that the district court abused its discretion when it rejected her appeal of the magistrate judge's denial of her request for a court appointed attorney.  We can only assume that George refers to her letter of July 17, 1995, which the district court interpreted as including a request for review of the magistrate judge's decision denying appointment of counsel.  Since George wrote her letter more than ten months after the magistrate judge entered his order, Rule 72(a) again applies, and the district court correctly denied the motion.

In her fourth issue, George asserts that the district court abused its discretion when it denied her request for postponement, apparently referring again to her letter of July 17, 1995.  Since there is no motion for continuance in the record, we limit our review to the district court's decision to dismiss the case for want of prosecution.

We review a dismissal for want of prosecution only for abuse of discretion.  Lewis v. Brown & Root, Inc., 711 F.2d 1287, 1291 (5th Cir. 1983).  This circuit has consistently held that Rule 41(b) of the Federal Rules of Civil Procedure permits a dismissal for want of prosecution where there is "a clear record of delay or

contumacious conduct by the plaintiff, . . . and where lesser sanctions would not serve the best interest of justice." <u>Salinas v. Sun Oil Co.</u>, 819 F.2d 105, 106 (5th Cir. 1987).

This case was originally set for trial on June 5, 1995. George did not meet any of the pretrial deadlines, and, even by the second trial date, George had not listed any witnesses, specified any exhibits, or complied in any way with the initial disclosure requirements of Rule 26 of the Federal Rules of Procedure. Finally, George did not appear at trial. The district court did not abuse its discretion in dismissing George's case for want of prosecution.

### III. CONCLUSION

We AFFIRM the order of the district court.